Per curiam.
Go on, Sir.
Spencer. The only question is, whether the ereftion of the gate, at the distance from Van Hoesen’s house, mentioned in the case, is an ereftion within the words of the aft. There are two afts of the legislature to,be referred to on this occasion. The first is the aft of incorporation, passed the 29th March, 1799, establishing a turnpike corporation, by the name of the president, direftors, and company of the Columbia turnpike road; the second enafted on the 28th of March, 1800, to amend the firstactand route by certain particular alterations. The situation of the most westerly gate, the one now in dispute, is in specific ■ words laid down. Whether they are complied with, must be, after the ' faffs are found, a question of law ; for unless it be so, no settled determination could be made. The aft says the gate shall be near the house of Van Hoesen ; it is not ordered to be on the part of the road nearest to Van Hoesen’s : are not then 8 chains and 15 links near ? Piad the gate been placed more easterly, every person travelling the turnpike road, might have quitted it at Claverack, pursued the old road round the gate, and a little beyond it, have entered the turnpike again, without paying toll. It is true that by the 10th seffion of the first act, there is a penalty given for using the turnpike, and then going round the gates to avoid the toll; but this could not apply to persons using an old road ; nor could it be carried into efieff, from the impossibility of being constantly on the watch. It is to guard against these inconveniencies that the legislature has made use of this relative term « near" in order to give a discretion to the company to place the gate where they may think it most beneficial to the interests of the stockholders, plave the president and direftors outraged this discretion so confided to them ? That the gate catches people crossing the road, is no argument; and even in this, the di *179 rcifcors have shewn their moderation, for they demand only half toll. From the map, it is manifest, if the gate be removed, that in numberless instances, from Kinder-hook to Claverack, the tolls may . be evaded. The effeit would be to create a depreciation of 50 per cent on the value of the stock. To prevent this, the legislature has given a discretionary power to ereit the gate near Van Hoesen’s, and can it be said that the company has violated the discretion confided in them for the management of the company’s affairs ?
Foot contra. The question is, whether the president and direitors have a right to make people, who only cross the road, pay as if they had travelled along it ? There is nothing inore, nor less, presented by the case. The gate ¡s fixed at the very place where the old road crosses the turnpike. It never could have been the intention of the legislature by allowing a new road to tax the old; yet such is the consequence of the construction of the ait now insisted on by the defendant. For it is evident, by looking on the map, that when the turnpike is crossed, and the old road pursued, the turnpike can never again be entered on, for the old road comes in at the head of the city of Hudson. Had the legislature been told that the effeit of the ait they were about to pass, would be to levy a toll on the old road, they would certainly have hesitated. Allowing the word near, to be, what it certainly is, a relative expression, it m ust be taken to mean near, so as you do not attack the rights of the community, and set up your gate to catch people who travel along their own old road, and only cross yours.
Woodworth, same side. This is the only construction which can be equitable for the company and the community. The intent of the ait was to give a right of toll from those who travelled along the road the company had made; and therefore, against such, there is a penalty of ten dollars given for evading the rate allowed to be taken. This is enough to secure the company from tricks that might otherwise be praitised. The word near, must be understood by examining the intent of the ait. The old road was considered when the ail was passed, and it never was the objeit *180 of the legislature, by the word near, to shut it up. This is a trick of the company to entrap the traveller, and this, the jury, by their verdiifc, have found, on a very full examination. The court will, certainly, after this, be cautious of' saying near is this very spot. It is granted that the words of the act will be satisfied by it, but is there no other place" which will do so ? and may not one be found, equally near, unattended with any of the inconveniencies now objected against the gate ?
Spencer, in reply. This is a mere question of construction ; the case and situation is fully before the court, and they will decide.
Per curiam. Delivered by Livingston, justice. The de-. fendant has been indicted, and "conviCtcd, for obstructing a public highway in the city of Hudson.
He was keeper of a gate under the Columbia turnpike road company, and the gate he attends is ereCted 8 chains and 15 links from the house of John Van Hoesen. This gate has been set up under that part of one of the laws incorporating this company, which declares “ that the most “ westerIy gate on said road, shall be ereCted near the “ dwelling house of John Van Hoesenand it is submitted to us to say, whether it has been placed conformably to these directions ; if that should be our opinion, a nollo prosequi is to be entered on the indictment.
It is not denied by the public prosecutor, that this gate is near Van Hoesen’s house, but because it is not as near as it might be, and intercepts those who travel , a certain road, leading from Poughkeepsie to Kinderhook, and which crosses the. turnpike at this place, he insists the gate should be removed, so as to occasion no interruption of this kind.
Whether this circumstance exists, or not, is foreign from our enquiry. The legislature, under a full knowledge of the different roads in that part of the country, have authorised the ereCtion of a gate near this house, and have thereby invested a discretion in the company, which, it must have been expeCted and intended, would be exercised for their benefit. So long, therefore, as this gate be near to Van Hoesen’s house, which is conceded to be the case, *181 we have ns right to interfere, by saying that this discretion , ' ' ° has been abu ed, or that the company nave obstructed the highway leading from the south to the north: this would be tire same a:, to ca'y xlc-.t they shall not do what the legislait * v ' O ture have given them permission to do. Our opinion, therefore, is, that this gate was ereftecl pursuant to law, and the present prosecution cannot be supported.