GRIFFEN *against* HOUSE.

IN ERROR, on *certiorari* to a justice's court. *House* brought an action of *assumpsit* against *Griffen,* in the Court below, to recover back money demanded and received of him by *G.* a toll-gatherer at the easternmost turnpike gate, on the *Columbia* turnpike road, on the ground that the toll was illegally exacted, in consequence of the gate having been erected at the place where it stands, illegally, and without any authority for that purpose. By the third section of the " act to amend an act, entitled an act to establish a turnpike corporation for improving the road from the city of *Hudson* to the line of *Massachusetts,* on the route to *Hartford,*" (sess. 23. ch. 69. 2 *K. & R.* 400,) the most eastwardly turnpike gate on that road is directed to be " at such place near the *Massachusetts* line aforesaid, as the president and directors, &c. should direct." It appeared at the trial before the justice, that the *easternmost gate,* at which *G.* had demanded and received the toll from *H.* was situated just west of the place where the road from old *Taghkanic flats* to *Hudson* intersects the said turnpike road, which is about two miles and three quarters from the *Massachusetts* line; that after the turnpike was finished, the first gate erected near that line, was at a place one mile and three quarters west of the *Massachusetts* line ; that, afterwards, the gate was removed farther east, to a place about one mile distant from the line between this state and *Massachusetts.* After some years, the company removed the gate to the place where it now stands, and where it has ever since remained ; being not more than six miles distant from the gate next west. It appeared that the whole length of the road is about nineteen miles and a half. The justice gave judgment for the plaintiff below.

The act in corporating the *Columbia Turnpike* road, leading from *Hudson,* to the *Massachusetts* line, a distance of about twenty miles, authorizes the company to erect the *most eastwardly* turnpike gate on the road, " at a place near the *Massachusetts* line, as the president and directors should direct." *Held,* that a toll gate erected at a place, two miles and three quarters distant from the *Massachusetts line,* was not placed *near* that line, within the meaning of the act: and that, therefore, an action lies against the toll-gatherer, at the suit of the person from whom he has demanded and received toll, at such gate, to recover back the money so unlawfully demanded and received.

*It seems,* that where a power is given to a turnpike company to erect toll-gates within certain limits, at their discretion, has been one exercised, it is at an end ; and the company cannot, without some strong and manifest necessity, change the local situation of the gates which have been once erected, merely to suit their own convenience.

UTICA,
October, 1820.

JACKSON
v.
LYONS.

*Per Curiam.* It was undoubtedly intended by the legis-lature to vest in the president and directors of the company some discretion, in fixing the easterly gate ; but it was to be *near* the *Massachusetts* line. This is a relative term, and regard must be had, in construing the act, to the length of the road, which is about twenty miles. In the case of the *People* v. *Denslow,* (1 *Caines,* 180.) this court decided, that a gate placed at the distance of eight chains and fifteen links from the house of *John Van Hoesen,* was a legal exercise of the power granted by this act requiring such gate to be *near* his house. But there must be some limit to the discretion given, and we are clearly of opinion, that considering the extent of the road, a gate two miles and three quarters from the *Massachusetts* line, is not placed *near* that line. We are, also, inclined to the opinion that where the discretion has been once exercised, the power is exhausted ; that it cannot be revested, so as to authorize the company to change and move the gate, to suit their convenience, without some strong and manifest necessity to warrant it. Here the com-pany have acted capriciously, and have lost sight of the trust reposed in them, by changing, several times, the loca-tion of the *easterly* gate, contrary to their first opinion, and without any apparent necessity for it. The judgment must be affirmed.

Judgment affirmed.