# CASE ARGUED AND DECIDED

IN

# THE SUPREME COURT

OF THE

## STATE OF MICHIGAN.

---
JULY TERM, 1853.
---

PRESENT:

HON. WARNER WING, PRESIDING JUDGE.

HON. CHARLES W. WHIPPLE,  
HON. DAVID JOHNSON,  
HON. JOSEPH T. COPELAND,  } JUDGES.  
HON. SAMUEL T. DOUGLASS,

---

## THE DETROIT & HOWELL PLANK ROAD COMPANY *vs.* LYMAN FISHER.

Section 4, of the charter of the Detroit and Howell Plank Road Company (*Sess. L.*, 1848, 398), authorizing the Company, when duly organized, to enter upon and take possession of so much of the Detroit and Grand River Road, so called, as lies between the city of Detroit and Howell, dispenses with the necessity of the [release or consent of the Supervisors and Commissioners of Highways of the several townships through which the Road passes; as required by Sec. 27 of the General Plank Road Act. (*Sess. L.* 1851, 222.)

Under the provisions of Sec. 17 of the General Plank Road Act of 1848 (*Sess. L.*, 1848, 65), authorizing Plank Road Companies, formed subsequent thereto, to erect gates and exact toll whenever they shall have completed their Road,

or five consecutive miles thereof, the Company may exact toll, although the survey of the Road is not recorded, as directed by Sec. 12 of said Act.

The Company may demand toll of any person in advance of his actually traveling upon the Road, and on his refusal to state how far he proposes to travel over the Road, may require payment of toll to the next gate.

Where the traveler, without paying the legal toll, passes the gate against the express will and order of the gate keeper, but without actual force, the gate being open. and the keeper offering no personal resistance, such act constitutes a forcible passing, under Sec. 17 of the Act last referred to.

Case reserved from Wayne Circuit.

The facts, as they appear from a case stated by the counsel of the parties, were these: The plaintiffs under their charter (*Sess. L.*, 1848, 398) completed a Plank Road from Detroit to Howell, a distance of fifty miles, and established gates for the collection of toll. In making their road they took possession of the Detroit and Grand River Road, so called, without purchasing of or obtaining a release from the Supervisors and Highway Commissioners of the several townships through which the Road passes, according to the provisions of Sec. 27 of the act relative to Plank Roads, passed April 8th, 1851. (*Sess. L.*, 1851, 222.)

On the 13th of June, 1853, the defendant was traveling on said road from Detroit west, with a one-horse wagon, and at the first gate on said road (gate No. 1), three-fourths of a mile from the eastern end of the road, tendered the gate keeper one cent, and claimed the right to pass the gate. The keeper inquired how far he intended to travel on said road, but defendant declined telling, and insisted on his right to pass on payment of the toll for one mile, being all that he had then traveled on the road. Thereupon the keeper demanded toll of him to the next gate, and ordered him not to pass the gate until he paid it. But defendant refused to pay any toll but the one cent already tendered, and passed the gate against the express order of the gate keeper, but without any actual force; the gate being open, and the keeper offering no personal resistance.

The survey of the road had not been recorded in the county of Wayne, where gate No. 1 is situated.

The questions submitted were:

1. Whether the recording of the survey of the road was a condition-precedent to the right of the Company to demand toll;

2. Whether the Company had a right to take possession of the Detroit and Grand River Road without the release or consent of the Supervisors and Commissioners of the several townships through which it passed, and if not, whether such release or consent is a condition precedent to the right of the Company to demand toll;

3. Whether said Company had the right to demand toll of the defendant in advance of his actually traveling upon said road, and if so, whether, on his refusing to state how far he was going to travel said road, the Company had the right to demand toll to the next gate;

4. Whether the defendant, upon the agreed facts, was liable to the penalty for forcibly and illegally passing the said gate of the plaintiff, under Section 17 of the "Act relative to Plank Roads," approved March 12, 1848.

These questions and the case stated were argued and submitted at the July Term, 1853.

*C. I. & E. C. Walker*, for plaintiffs.

Upon the first point. The Company were authorized without waiting for a survey; much less a record of survey, and *upon completing their road, or any five consecutive miles thereof*, to demand toll. The object of the survey was to establish the line of the road. The recording of it, to furnish those interested, *i. e.*, the land owners, the *evidence* of the location of the line. (*Estes* vs. *Kelsey*, 8 *Wend.*, 558.) In this the traveler can have no interest. It is immaterial to him. If the want of survey and record is a violation of the charter, the State alone can take exception to it. The question can-

not be raised collaterally in this manner. (*Angell and Ames on Corp.*, 745, 6; 2 *Kent Com.*, 312; *Searsburgh Turnpike Co.* vs. *Cutter*, 6 *Vt.*, 328; *Bank U. S.* vs. *Dandridge*, 12 *Wheat.*, 64; *Centre Turnpike Co.* vs. *Smith*, 12 *Vt.*, 217; *South-West Bridge Co.* vs. *Hahn*, 28 *Maine*, 309; *Middle Bridge Proprietors* vs. *Brook*, 13 *do.*, 395; *Proprietors of Quincy Canal* vs. *Newcomb*, 7 *Metc.*, 276; *Shea* vs. *Bloom*, 5 *John. Ch.*, 381; *Adams* vs. *Beach*, 6 *Hill*, 273.)

2. The right of the Legislature to permit Turnpike and Plank Road Companies to build their roads and erect toll gates on existing highways, is settled by the following cases: *Searsburgh Turnpike Co.* vs. *Cutter*, 6 *Vt.*, 323; *Centre Turnpike Co.* vs. *Smith*, 12 *Vt.*, 287; *Benedict* vs. *Gott*, 459; *Opinion of Atty. Genl.*, *Senate*, *Dec.* 22, 1850; *Atty. Genl.* vs. *Detroit & Erin Plank Road Co.*, 2 *Mich.*, 138.

3. It is settled that Turnpike and Plank Road Companies can only exact toll at their gates, unless it is otherwise provided by special legislation. (*Turnpike Co.* vs. *Van Dusen*, 10 *Vt.*, 197; *Griffin* vs. *House*, 18 *J. R.*, 397; *Mallory* vs. *Austin*, 7 *Barb.*, 397; *Turnpike* vs. *Reed*, 2 *B. Munroe*, 30; *B. T. Company* vs. *Mills*, 10 *Ford*, 30.) To the same effect is our statute. (*Sess. L.* 1849, 65.) The law of 1853 gave the Companies the right to collect toll of those who travel on the Road *between* gates, but does not alter the rule as to those who *pass* gates. (*Sess. L.*, 1853, 68.)

The only just rule, that will preserve the rights of Companies and protect the interests of travelers, is that authorizing the Company to demand toll in advance. This is in strict accordance with settled legal rights in analagous cases. Thus in the case of common carriers. (*Story on Bail*, § 508; *Fitch & Gilbert* vs. *Newbury*, 1 *Doug.*, 18.) So with the ferryman, who is bound to carry all persons. (2 *U. S. Sup. Digest*, 8; *Walker* vs. *McHenry*, 3 *Humph.*, 345). So with the innkeeper, who is bound to receive all guests. (*Chitty on Cont.*, 475; *Story on Bail*, § 479.)

4. The passing of the gate by defendant, was a *forcible* passing, under Sec. 17 of the Plank Road Act. No interposition of the keeper by shutting the gate or otherwise, was necessary to make the passing of the gate *forcible*. (*Hammond's Nisi Prius*, 152; *Nichols* vs. *Bertram*, 3 *Pick.*, 341; *Fales* vs. *Whiting*, 7 *do.*, 225.) A contrary decision in New York (*President, etc., of Columbia Turnpike Co.* vs. *Woodworth*, 2 *Caines*, 97) was a case of "simply riding through a gate, without paying toll." It does not appear that any toll was demanded, or that the gate keeper was present and objected.

*Levi Bishop*, for defendant.

When precedent conditions are annexed to an estate or grant, they must be literally performed, or the estate or right does not vest. (4 *Kent Com.*, 121; 5 *Walker C. R.*, 405.) Unless the acts prescribed to a corporation are performed as prescribed, its whole proceedings are void, and no rights accrue as against individuals, or the public (7 *Pick.*, 225; 3 *Barb. S. C. R.*, 459; 10 *Wend.*, 266; 2 *Doug.*, 124); and no contested claim can be enforced by the Company in such a case. (23 *Wend.*, 206; 8 *Ib.*, 203.) Statutes conferring rights on corporations are to be strictly construed. (2 *Kent Com.*, 276, 298; *Angell and A. on Corp.*, 66; *Walker C. R.*, 90, *and see cases cited U. S. Dig., Sec.* 163.)

1. Making survey and recording were conditions precedent to any right to erect gates and collect toll. The charter created a Company *in futuro*, on performance of the prescribed conditions. (8 *J. R.*, 137; 9 *Cow.*, 194; 9 *Wend.*, 378; 10 *Ib.*, 266; 15 *Ib.*, 127; 23 *Ib.*, 206.) The grant by the State to the Company was a quit claim of such rights only as the State had in the Detroit and Grand River Road, and that only for the purpose of constructing the Plank Road. (25 *Wend.*, 462; 3 *Hill*, 567; 5 *Ib.*, 170.)

6

It gave no right to gates, tolls and penalties until the provisions of the law should be complied with. The require-ments of the statute as to a survey, are not merely *directory.* The survey was to fix the route of the road, to settle titles and rights of possession. A non-compliance with such a statute, renders all proceedings of the Company void. (7 *Pick.*, 225.) A charter directed that the rates of toll should be constantly exposed at the gates; and it was held that when this was not done, no penalty could be recovered for *forcibly* passing a gate without paying toll. (1 *Shep.*, 339.)

2. The Company have no title to the public interest, represented by the Commissioners of Highways, in the Grand River Road, and having none, they had no right of posses-sion. (7 *Pick.*, 225; 3 *Barb. S. C. R.*, 465, 466, 467; 3 *Hill*, 567; 1 *Shep.*, 391.)

3. The law neither expressly gives the Company a right to demand toll *in advance.* That no such right was intended, is manifest from Sec. 17 of the General Plank Road Act. The decisions in New York (II *Caines R.*, 282; 23 *Wend.*, 219, 220; 7 *Barb.*, 268), were made on statutes authorizing gates *only at certain distances*, and the Company to collect a *sum in gross* at each gate. They were made because the gate keeper might not know or be able to ascertain how far one paying toll had traveled. See the cases cited. We have no such statute, and these authorities are not in point.

Refusing to state how far he is going, does not subject the traveler to toll in advance. A traveler is not bound to state how far *he has traveled*; much less how far he intends to travel. (1 *Caines R.*, 182; 23 *Wend.*, 219, 220; 7 *Barb. S. C. R.*, 628, 629.)

4. No one is liable to the penalty under the statute, unless the gate is passed *forcibly*, as well as illegally. (2 *Caines R.*, 97; 10 *Vt.*, 197.)

The questions reserved having been argued and submitted,

the Court, after consideration of the same, at the same Term of July, directed it to be certified to the Circuit Court for the County of Wayne, that this Court were of the opinion :

1. That the recording of the survey of the plaintiffs' Road is not a condition precedent to their right to exact toll of travelers using their Road.

2. That the plaintiffs had a right, under their charter, to take possession of the Detroit and Grand River Road, without the release or consent of the Supervisors and Commissioners of Highways, of the several townships though which they built their Road.

3. That the plaintiffs had a right to demand toll of the defendant at the gate, in advance of his actually traveling upon their Road ; and on his refusing to state how far he was going to travel upon said Road, they had a right to demand toll to the next gate.

4. That upon the facts agreed upon in this case, the defendant is liable to the penalty for *forcibly* and illegally passing the gate of the plaintiff, as given by Section 17 of the Plank Road, approved March 13th, 1848.

Present, WING, P. J., WHIPPLE, JOHNSON and COPELAND, J. J.