INHABITANTS OF WATERTOWN *vs.* GEORGE A. SAWYER.

The accidental destruction by fire, after the time of the passage of the St. of 1871, *c.* 167, of the combustible parts of a building, in a town containing more than four thousand inhabitants, which had been used by its owner, from a prior time, for carrying on therein the business of slaughtering cattle, sheep or other animals, does not forfeit the owner's right to continue, without permission of the selectmen, the same business in a new building of no greater size or capacity, erected on the same site.

BILL IN EQUITY, filed by the selectmen in behalf of the inhabitants of Watertown, on October 14, 1871, to restrain George A. Sawyer by injunction from occupying and using a building erected by him in Watertown, for carrying on therein the business of slaughtering cattle, sheep or other animals, without written consent of the selectmen under the St of 1871, *c.* 167. The answer alleged that the defendant erected the building on the site of a former building, which had been erected, used and occupied by him for carrying on the same business before the pas-

sage of the statute; and that the defendant's business was at no time a public or a private nuisance in either building. The plaintiffs filed a general replication.

At the hearing, before *Wells*, J., it appeared " that the defendant, before the passage of the statute, used and occupied a building on his own land as a slaughter-house, and therein slaughtered cattle, sheep and other animals as a business; that after the passage of the statute, and up to September 1871, he continued the business of slaughtering in said building, when the same caught fire accidentally and was consumed; and that afterwards, and before the filing of this bill, he immediately rebuilt said slaughter-house on same site, and continued his business of slaughtering cattle, sheep and other animals therein, and did not at any time obtain the written consent or permission of the selectmen therefor."

It was admitted that both before and ever since the passage of the statute Watertown contained more than four thousand inhabitants; but no evidence was offered that the defendant's business in either building was at any time a public or a private nuisance. It was also admitted " that the new building was different from the old one in its construction and arrangement, but was not larger or more extensive in size or capacity."

The judge reserved the case for the determination of the full court, who were to make such decree therein as law and justice might require.

*J. B. Goodrich,* (*H. J. Edwards* with him,) for the plaintiffs.

*G. A. Somerby,* for the defendant.

COLT, J. The St. of 1871, *c.* 167, expressly provides that its terms shall not apply to any building or premises occupied or used for carrying on the business of slaughtering cattle at the time of the passage of the act, and forbidding any enlargement or extension of the same without the written consent of the city or town authorities.

. It is found in this case, that the defendant, before the passage of the act, used and occupied a building on his own land as a slaughter-house, and carried on that business in it; that after its passage he continued the same business in the same building, up

to the time of its destruction by accidental fire ; and that after the fire, and immediately before the commencement of these proceedings, he erected the present building on the old site, and continued the same business in it ; the new building, although different in construction and arrangement, being no larger in extent or capacity.

This brings the defendant's case within the exception stated. The accidental destruction of the building by fire, that is to say, of such portions of it as fire would destroy, with no intention on the part of the owner thereafter to abandon the use to which he had devoted the premises, does not, under the statute, involve the forfeiture of a right to continue without license the same business in the same place, in a new building of no larger capacity, erected on the same site.   The language of the statute is, " building or premises now occupied," &c., the enlargement or extension of which are forbidden, but not those repairs made necessary by the wear and tear of time or the casualty of fire.   The manifest purpose of the legislature is to protect the business already established, in the place where it is carried on ; not the identical building which happened to be standing for its use when the law was enacted.                                         *Bill dismissed.*