CITY OF SOMERVILLE *vs.* CHARLES O'NEIL, JR.

Trades exercised at the time of the passage of St. 1871. c. 167, (concerning slaughter-houses and noxious and offensive trades,) are exempt from its provisions when pursued on the same premises and to no greater extent than before, although they are not carried on in the same buildings.

BILL IN EQUITY, filed September 9, 1872, by the city solicitor of Somerville in behalf of the city, to restrain by injunction Charles O'Neil, Jr., from enlarging and extending contrary to the St. of 1871, c. 167, the buildings occupied by him in Somerville, used for a melting and rendering establishment and for the manufacture of soap. The answer of the defendant denied that he had erected, or was erecting, any building for enlarging and extending the premises heretofore used by him, or for enlarging or increasing his business, but alleged that he erected a new building upon the premises he had for a long time occupied in his business, instead of repairing an old one, and that he proposed to use the new building for the same purposes for which he had long used the old building, but denied that he had extended or increased, or that he proposed to extend or increase, his business.

Upon the hearing of the cause, before *Ames*, J., it appeared that the defendant was the owner of the land and buildings described in the bill of complaint, and, at the date of the bill, and for a long time previously, had used the building for a melting and rendering establishment, and for the manufacture of soap, in Somerville, a city containing more than four thousand inhabitants. In this rendering business, he made use of two open kettles; but the building in which they were placed did not cover the entire lot of land. In the year 1872, he tore down a part of his buildings, which were old and dilapidated, and, without consent or permission from the mayor and aldermen of Somerville,

erected a new building, standing partly on land covered by the old buildings, and partly on land that had not been so covered. The new building covered about one third as much space as the old buildings, and was two stories high, with a French roof · while the old buildings were, for the most part, only one story in height. The defendant's purpose was to place in that part of the new building formerly covered by the old one a covered kettle or tank, for melting and rendering purposes, and to use the residue of the building for storage, and other purposes connected with his business, and to tear down and discontinue the use of the old buildings, and of the two open kettles. And it appeared that the capacity of the proposed new tank for rendering purposes would not exceed, and might not equal, that of the two open kettles. The old buildings were standing and in use, except so far as displaced by the new building.

The judge reserved the case, upon the bill and answer, and upon the foregoing facts, for the consideration of the full court.

*H. W. Chaplin*, for the plaintiff.

*O. Stevens*, for the defendant.

COLT, J. The St. of 1871, c. 167, prohibits in any place of more than four thousand inhabitants the use of any building for noxious or offensive trades without the written consent of the municipal authorities. It excepts from its provisions buildings or premises then actually occupied for such purposes, but forbids their enlargement or extension.

It is contended that the erection of a new building by the defendant in place of others, to be used for the accommodation of the same business in the same place, comes within the prohibition. In *Watertown v. Sawyer*, 109 Mass. 320, it was attempted to restrain the erection of such a building in place of one destroyed by fire; but it was held that where there was no intention to abandon the use to which the premises had been previously devoted, the destruction of the building would not involve the forfeiture of the right to continue the business in the same place in a new building of no larger capacity.

The plain intention of the act is to exempt the business of existing establishments in the places where they were then located

from the restrictions contained in its provisions, while at the same time limiting the future business to be carried on in them by the capacity of the buildings and premises then used. To this extent it affords protection to such business without reference to the identity of the building which happened to be standing when the law was enacted.

Upon the facts reported it does not appear that the defendant has enlarged the premises occupied by him for the business in question, or that he has increased or purposes to increase that business. *Bill dismissed.*