THE PEOPLE EX REL. EDWARD CHOPE V. THE DETROIT & HOWELL PLANK ROAD CO.

*Nuisance.*

The charter of a plank road company authorized it to erect toll gates at its discretion, provided none should be placed within the limits of the city of Detroit. *Held* that the charter contemplated the then existing city limits, and that the later extension of the limits beyond a gate did not diminish the company's franchise nor make the gate a nuisance.

The State cannot prosecute as a nuisance that which itself has authorized.

Appeal from Superior Court of Detroit. Submitted June 12–13. Decided October 2.

INJUNCTION. The facts are shown in the opinion. The proceeding was by bill in equity in the nature of an information, filed by the prosecuting attorney of the county in which it was instituted, and also signed by the Attorney General.

*H. M. Cheever* and *E. F. Conely* for complainant. Equity proceedings brought in the lower courts in the name

of the people should be brought by the prosecuting attorney of the county and not by the Attorney General (*People v. Navarre*, 22 Mich., 1; Comp. L., § 529), although the latter has filed bills in such courts to enjoin the abuse of corporate power. *Att'y Gen. v. Detroit*, 26 Mich., 263; *Att'y Gen. v. Moliter*, 26 Mich., 444. For the powers of the corporation respondent see 4 U. S. Stat. at Large, 560; Sess. L. 1848, p. 399, § 4; Id., 1850, p. 402; Comp. L., ch. 78. Grants of exclusive privileges are to be construed strictly and against the grantee; nothing is taken by implication. *Auburn & Cato Plank Road Co. v. Douglass*, 5 Seld., 444. *Croton Turnpike Co. v. Ryder*, 1 Johns. Ch., 611, and *Newburgh Turnpike Co. v. Miller*, 5 Id., 101, extending a franchise by implication, were overruled in *Charles River Bridge v. Warren Bridge*, 11 Pet., 420. *Tuckahoe Canal Co. v. Tuckahoe R. R. Co.*, 11 Leigh, 42; *Enfield Toll Bridge Co. v. H. & N. H. R. R. Co.*, 17 Conn., 454; *Oswego Falls Bridge Co. v. Fish*, 1 Barb. Ch., 547; *Thompson v. N. Y. & Harlem R. R. Co.*, 3 Sandf. Ch., 625; *Binghampton Bridge*, 3 Wall., 75; *B. & O. R. R. Co. v. State*, 3 L. & E. Rep., 667; 3 Kent's Com., 459; *Mohawk Bridge Co. v. U. & S. R. R. Co.*, 6 Paige, 554; *Cayuga Bridge Co. v. Magee*, 2 Paige, 116. Toll gate companies have no right to erect toll houses within the public highway. *Thompson v. Androscoggin Bridge Co.*, 5 Me., 62; *Fisher v. Coyle*, 3 Watts, 408; *Tucker v. Tower*, 9 Pick., 109. Contra, *Straits Turnpike Co. v. Hoadley*, 11 Conn., 464; *Ridge Turnpike Co. v. Stoever*, 2 W. & S., 548; *Wright v. Carter*, 27 N. J. Law, 76,—reversed, 18 N. J. Eq., 94; *State v. Passaic Turnpike Co.*, 27 N. J. Law, 217. The provision that no toll gate should be placed in the city meant that none should be maintained within the limits, however they might be extended. *Regina v. Cottle*, 3 Eng. L. & Eq., 474. That which is warranted by law cannot be a public nuisance. *Hinchman v. Paterson Horse R. R. Co.*, 17 N. J. Eq., 75. Contra, *Middleton v. Flat River Booming Co.*, 27 Mich., 533; *Geiger v. Filor*, 8 Fla., 325; *Laughlin v. Lamasco*, 6 Ind., 223; *Williams v. N. Y., etc., R. R. Co.*, 18 Barb., 222; *Bell v. O. & P. R. R. Co.*, 25

Penn. St., 161; *Com. v. Upton,* 6 Gray, 473; *Robinson v. Baugh,* 31 Mich., 295.

*Walker & Kent* for defendant. An information against a public nuisance should be filed by the Attorney General and not by a prosecuting attorney. *People v. Miner,* 2 Lans., 396. A plank road company has a right to maintain a toll gate and house within the limits of the highway on which its road is built. *Wright v. Carter,* 27 N. J. Law, 76; *Ridge Turnpike Co. v. Stoever,* 2 W. & S., 548; *Tucker v. Tower,* 9 Pick., 108. There can be no nuisance to the public in a right conferred by the Legislature. High on Injunctions, 523; *Baird v. Shore Line R. W. Co.,* 6 Blatch., 276, 461. No injunction against a public nuisance will be issued by a court of equity until after an information or indictment at law has been tried, unless in a case where there is no doubt about the facts and the emergency is pressing. High on Injunctions, 521 and note; *Att'y Gen. v. N. J. R. R. & Trans. Co.,* 2 Green., 136; *Morris & Essex R. R. Co. v. Prudden,* 20 N. J. Eq., 530.

GRAVES, J. This is a suit in equity in the name of the State to enjoin the setting up a new toll gate structure in place of a former one removed by the company.

The complaint is, that if made, the intended erection will be a public nuisance. After answer and proofs the court below dismissed the cause, and from this decree an appeal was taken.

Some questions have been mooted which require no discussion at this time. The case is governed by former decisions. *Detroit v. Detroit & Erin Plank Road Co.,* 12 Mich., 333; *Att'y Gen'l on rel. of McKay v. Detroit & Erin P. R. Co.,* 2 Mich., 138; *Detroit & Howell Plank R. Co. v. Fisher,* 4 Mich., 37. The criticism of the first case and the suggested distinction between the effect of the amendment of the charter of the Detroit & Erin Company and the amendment of defendant's charter do not appear to the court as important.

When the State gave the company the right to build their road from a point *in the city*, and the right to erect gates according to their reasonable discretion, but subject to the condition that none should be placed in *the city*, it contemplated the city as it then was in respect to limits, and meant that the privilege given *within the city* should not extend so far as to allow gates to be set up there, and on the other hand that the restriction should be confined territorially to the then fixed and known bounds of the city. The State could not have designed that as fast as it might enlarge the city boundaries, the defendant's franchise covering the right to place toll-gates should be correspondingly annihilated and the gates themselves, thereby brought within the limits, be instantly converted into a public nuisance. *Hall v. The State*, 20 Ohio, 7; *City of Somerville v. O' Neil*, 114 Mass., 353; *Barber v. Rorabeck*, 36 Mich., 399. It is noteworthy in this connection that it is the State and not the city which complains. In view of the power and privilege given by the charter, the gate ought to be regarded for the purpose of this case as though the site had 'been directly designated by the State.

The company originally chose it in the exercise of a discretion the State had conferred, and this discretion does not seem to have been improperly used. Certainly for many years the State acquiesced. The privilege has never been withdrawn and the charter has not expired. The impediment could not have become unlawful by the mere flow of time. The fact that the State itself tolerates railroad crossings near the place and has thereby consented to the incidents which naturally happen there in consequence of the concentration and combination of different ways will hardly entitle it to turn round and assail the defendant's gate as a public nuisance. This privilege of crossing was granted to two of the three roads possessing it sometime after the defendants located their gate, and if either franchise ought to be modified by conditions or give way on the ground that the coterie of interferences is injurious to the public, it is not certain that it should be that

of the defendants. But the case does not prove that the gate or the railroads or all together make a public nuisance there.

The plan of structure does not appear to be one not competent to be adopted in the exercise of that discretion the defendants possess under their charter. What the State authorizes it cannot prosecute as a nuisance. Among other authorities see *First Baptist Church v. Utica & Schenectady R. R. Co.*, 6 Barb., 313, and cases; *Hentz v. Long Island R. R. Co.*, 13 Barb., 646; *People v. Denslow*, 1 Caines, 177; Cooley's Const. Lim., 594.

The decree of dismissal must be affirmed with costs against the relator.

The other Justices concurred.