CITY OF SOMERVILLE *vs.* SAMUEL WALKER & others.

Middlesex.    March 15, 1897. — May 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Statute — Erection or Restoration of Building — Permit — License — Ordinance.*

The superstructure of a building in a city used for the storage, refining, etc. of crude petroleum or its products having burned down, it appeared that the value of the sills, girders, and piling that remained in the erection of a new building was $1200 for the piling and about $250 for the flooring, and that the cost of the original superstructure was $3,000, but that the estimated cost of restoring it was a little less. *Held,* that the proceeding to restore it was not the erection of a new building, but the repairing of an old one, and that it was not necessary to take out a license under St. 1894, c. 399, entitled, " An Act concerning the

storage of petroleum or any of its products, and the erection and use of build-
ings therefor," or a permit under a city ordinance which required such permit
except in the case of necessary repairs.

BILL IN EQUITY, filed August 23, 1894, to restrain the de-
fendants from the erection of a building in violation of St. 1894,
c. 399, and of the ordinances of the city of Somerville.

Trial in the Superior Court, before *Mason*, C. J., who dis-
missed the bill with costs; and the plaintiff appealed to this
court. The facts appear in the opinion.

*S. Z. Bowman*, for the plaintiff.

*J. H. Butler*, for the defendants.

ALLEN, J. By St. 1894, c. 399, § 1, entitled "An Act con-
cerning the storage of petroleum or any of its products, and the
erection and use of buildings therefor," "No building for the
storage, keeping, manufacture, or refining of crude petroleum, or
any of its products, shall be erected in any city or town, unless the
mayor and aldermen or selectmen thereof have granted a license
therefor," etc. By § 3 of the same statute, "No regulations which
the mayor and aldermen or selectmen have not now authority to
impose shall be imposed upon or apply to a building or premises
now and heretofore used for the business aforesaid." By Pub.
Sts. c. 102, § 72, it is provided that crude petroleum or any of its
products may be stored, kept, manufactured, or refined in de-
tached and properly ventilated buildings specially adapted to
the purpose, and surrounded by an embankment constructed so
as effectually to prevent the overflow of said petroleum.

The superstructure of the defendants' building used for the
above purpose, had burned down, and they were proceeding to
restore it, when this suit was brought to stop them, as no license
therefor had been granted to them by the mayor and aldermen;
and the question which we have to consider is, whether, accord-
ing to the true construction of St. 1894, c. 399, § 1, it should be
held that they were going on to erect a building, or merely to
repair an old building.

There is no dispute before us as to the facts. The plaintiff in
its brief says: "Taking the sills, girders, and piling that remained
after the fire, their value in the erection of a new building is
twelve hundred dollars for the piling, and about two hundred
and fifty dollars for the flooring, making $1,450. The building

rested on piles. There was no dispute as to these figures; in fact, they were furnished by the respondents' witnesses." The cost of the original superstructure was three thousand dollars, but the estimated cost of restoring it was a little less.

It has sometimes been found hard to define the word "building," — see *Stevens* v. *Gourley*, 7 C. B. (N. S.) 99, — but in this Commonwealth the word has often been held to include partly destroyed or unfinished structures. An example of this is found in *Watertown* v. *Sawyer*, 109 Mass. 320, where it was held that the accidental destruction by fire, after the passage of St. 1871, c. 167, of the combustible parts of a building which had been used by its owner before the passage of the statute for carrying on therein the business of slaughtering cattle or other animals, did not forfeit the owner's right to continue the same business in a new building of no greater size or capacity, erected on the same site, without the permission of the selectmen. It is true that the words of the statute were " building or premises," and for this reason the decision is not fully in point. In tax cases, also, a very liberal construction of the word has been given. In *Trinity Church* v. *Boston*, 118 Mass. 164, the work of building the church had been begun by driving piles for the foundation of the building, and no further progress had been made, when a tax was assessed by the city on the land; but it was held to be exempt, under the statute exempting houses of religious worship, the work of erection having been begun, and prosecuted without unreasonable delay. See also *New England Hospital* v. *Boston*, 113 Mass. 518, and *Old South Society* v. *Boston*, 127 Mass. 378. So under the mechanic's lien law, if work is done in laying a foundation, and the construction of the building proceeds no further, no doubt the mason would be entitled to his lien. *Truesdell* v. *Gay*, 13 Gray, 311. *Carew* v. *Stubbs*, 155 Mass. 549. It is quite plain that a building may be partly under ground; and in *Attorney General* v. *Gardiner*, 117 Mass. 492, a structure mostly below ground and only three and a half feet high, covered with turf, was held to be a building, within the meaning of a restriction against the erection of buildings. And in *Commonwealth* v. *Squire*, 1 Met. 258, it was held that a building need not be a completed structure.

In construing statutes in restraint of trades and business, a

somewhat liberal construction is usually given in favor of persons who have established plants for carrying on such trades or business, and in view of the course of decisions in this Commonwealth, as shown above, we think that there was enough of the old building left after the fire to entitle the defendants to restore it to its former size and capacity, without obtaining a license under the provisions of St. 1894, c. 399.

A similar construction is to be given to the city ordinance relied on by the plaintiff. That ordinance prohibits erecting, adding to, or altering a building without a permit from the inspector of buildings, but necessary repairs are expressly excepted from its operation. It does not apply to the restoration of the building in the present case. The ruling of the Chief Justice of the Superior Court was therefore right.

*Decree affirmed.*