### PEOPLE v. OSTRANDER.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

1. PLEADING (§ 229*)—AMENDMENT.

A party to an action will be permitted to amend his pleading, so as to raise and have determined all questions affecting his rights.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 591; Dec. Dig. § 229.*]

2. APPEAL AND ERROR (§ 170*)—OBJECTIONS—WAIVER.

The unconstitutionality of a statute, not raised at the trial, is waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1035-1052; Dec. Dig. § 170.*]

3. PLEADING (§ 257*) — AMENDMENT OF ANSWER — UNCONSTITUTIONALITY OF STATUTE.

Though the unconstitutionality of a statute may be raised by objection or motion, an order allowing defendant to amend his answer by pleading such unconstitutionality is not ground for reversal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 764; Dec. Dig. § 257.*]

4. ESTOPPEL (§ 26*)—ESTOPPEL AGAINST STATE—PLEADING.

Though the state cannot be estopped by unauthorized acts of its agents, it can be estopped by deed; and where it is not clear that defendant is not entitled to plead estoppel as against the state, such plea should not be treated as a nullity, and plaintiff should have the right of invoking it, if he so desires.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 62; Dec. Dig. § 26.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Essex County.

Action by the People of the State of New York against George N. Ostrander. From an order granting leave to the defendant to serve an amended answer, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Edward R. O'Malley, Atty. Gen., for the People.

Edward M. Angell, for respondent.

HOUGHTON, J. The action is to recover damages for cutting timber upon lands claimed to belong to the state. The court permitted the defendant, upon terms to serve an amended answer setting up the statute of limitations, that the plaintiff was estopped from claiming title to the lands in question because it had enacted statutes with reference to the land in controversy, recognizing the title of defendant and his grantors, and that the law under which treble damages was sought to be recovered was unconstitutional.

The plaintiff insists that the defense of estoppel is not operative against the state, and that it is unnecessary to plead the unconstitutionality of a law, and therefore the answer as amended was ineffectual, and hence the amendment was improperly allowed. Reasonable terms were imposed, and it was provided that the defendant would accept short notice of trial as a condition of allowing the amendment.

[1] The plaintiff was neither harmed nor impeded by the order. It is the policy of the court to permit a party, where the amendment is proposed in good faith, to put his pleadings in such shape as will enable him to raise and have determined at the trial all questions affecting his rights. Muller v. City of Philadelphia, 113 App. Div. 92, 99 N. Y. Supp. 93; Washington Life Ins. Co. v. Scott, 119 App. Div. 847, 104 N. Y. Supp. 898.

[2] While it may not be a necessity to plead the unconstitutionality of a statute under which an action is sought to be maintained, it is entirely proper to set up such claimed unconstitutionality by way of plea. Unless the unconstitutionality of a statute be raised on the trial in some manner, a party is deemed to have waived his right to claim it unconstitutional. Dodge v. Cornelius, 168 N. Y. 242, 61 N. E. 244.

[3] While such unconstitutionality may be raised by objection or motion or exception, it is not improper to raise it by plea. Massachusetts National Bank v. Shinn, 163 N. Y. 360, 57 N. E. 611; People ex rel. Bush v. Houghton, 182 N. Y. 301, 74 N. E. 830. In Ives v. South Buffalo Railway Co., 201 N. Y. 271, 94 N. E. 431, the only plea of the answer was the unconstitutionality of chapter 674 of Laws 1910, known as the "Workmen's Compensation Act."

[4] Of course, the state cannot be estopped by unauthorized acts of its agents (Wells v. Johnston, 171 N. Y. 324, 63 N. E. 1095); but it can be estopped by deed (People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891, Commonwealth v. Heirs of Andre, 3 Pick. [Mass.] 224). While it is unsettled whether the government can be estopped by the authorized acts of its officers and agents, it has been held in some ju-

risdictions that the doctrine of equitable estoppel does apply to the government (United States v. Stinson, 125 Fed. 907, 60 C. C. A. 615; .State of Indiana v. Milk [C. C.] 11 Fed. 389; Chope v. Detroit & Howell P. R. Co., 37 Mich. 195, 26 Am. Rep. 512), and that it may be estopped by legislative acts relied upon by individuals in changing their relations respecting the subject-matter (United States v. Willamette Valley & C. M. Wagon Co. [C. C.] 54 Fed. 807). Although the decision was·not placed upon that ground the principles of estoppel were virtually invoked against the state because of the act of its Comptroller, in Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663; and in City of New ·York v. Halsey, 132 App. Div. 192, 116 N. Y. Supp. 947, it was expressly held that the municipality was estopped from collecting a personal tax because its commissioner of taxes had told the defendant there was no assessment against him, and refused to permit him to inspect the roll when he appeared before the board ·for the purpose of swearing off the assessment.

It not being clear that the defendant is not entitled to plead estoppel as against the state, such plea should not be treated as a nullity, and the plaintiff should have the privilege of invoking it, if he desires.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.