## SUPREME COURT — APPELLATE DIVISION —

### July 2, 1920.

## THE PEOPLE v. MATHIAS RAPORT.

(193 App. Div. 135.)

(1) LABOR LAW, § 104—MANUFACTURER OF BABIES' BIBS IN TENEMENT HOUSE—BIBS FOR BABIES ARE "WEARING APPAREL."

Bibs for babies are "wearing apparel," within the meaning of section 104 of the Labor Law, which forbids the manufacture of such apparel in tenement houses or apartments used for living purposes.

(2) SAME.

A defendant is properly convicted of a violation of said section 104 of the Labor Law where, although he conducts a factory, he allowed an employee to make babies' bibs in her own apartment situated in a tenement house.

(3) SAME—CONSTITUTIONAL LAW.

Said section 104 of the Labor Law was a valid exercise of the police power designed to protect the health of infants and is not unconstitutional on the theory that it is discriminatory against citizens of this State and deprives persons of liberty or property without due process of law.

"Factory" defined.

(4) SAME.

Section 104 of the Labor Law being enacted in the interests of justice and of humanity should be most liberally construed to carry out the purpose of the Legislature.

(5) SAME—LABOR LAW, SECTION 100, NO RELATION TO SECTION 104.

Section 100 of the Labor Law relating to collars, etc., which are laundered before being offered for sale, has no relation to section 104 of the statute.

PAGE, J., dissents in part, with memorandum; LAUGHLIN, J., dissents, with opinion.

APPEAL by the defendant, Mathias Raport, from a judgment of the Court of Special Sessions of the City of New York Municipal Term, Part 1, rendered on the 21st day of November, 1919, convicting him of a misdemeanor for a violation of the provisions of section 104 of the Labor Law.

*George W. Glaze,* of counsel (*Glaze & Fine,* attorneys), for the appellant.

*John Caldwell Myers, Deputy Assistant District Attorney,* of counsel (*Edward Swann, District Attorney*), for the respondent.

MERRELL, J.:

Defendant upon conviction was sentenced to pay a fine of twenty dollars, which fine was paid. The defendant appeals from such conviction, claiming, first, that certain articles manu-

factured and finished, to wit, babies' bibs, were not wearing apparel within the provisions of the statute. The appellant also contends that the statute itself is unconstitutional as discriminatory and denying certain classes of people, and particularly the defendant, the equal protection of the law guaranteed by section 1 of the Fourteenth Amendment to the Federal Constitution.

Section 104 of the Labor Law (as amd. by Laws of 1913, chap. 260), for the violation of which the defendant has been convicted, provides as follows:

" § 104. Manufacturing of certain articles in tenements prohibited. No article of food, no dolls or dolls' clothing and no article of children's or infants' wearing apparel shall be manufactured, altered, repaired or finished, in whole or in part, for a factory, either directly or through the instrumentality of one or more contractors or other third person, in a tenement house, in any portion of an apartment, any part of which is used for living purposes."

The penalty imposed upon the defendant for the violation of said section is provided by section 1275 of the Penal Law (as amd. by Laws of 1913, chap. 349), which provides that any person violating a provision of the Labor Law is guilty of a misdemeanor and upon conviction is punishable for the first offense by a fine of not less than twenty nor more than fifty dollars. Upon defendant's conviction the minimum sentence provided by said law was imposed.

The evidence shows that the defendant had a factory at 2292 Arthur avenue, borough of The Bronx, New York City, and that said defendant employed a woman to do the stitching on twenty-four dozen babies' bibs; that on September 5, 1919, the said woman was doing the work in question in her apartment in a twenty-family tenement house at 2540 Cambrelling avenue, borough of The Bronx. No evidence was introduced on the part of the defendant, and the facts above stated appear undisputed and uncontradicted in the evidence.

It is the contention, as before stated, of the defendant, appellant, that the articles in question were not articles of " infants' wearing apparel " within the meaning of the statute; and, secondly, that if the statute can be construed as applying to the articles in question, to wit, babies' bibs, it is unconstitutional.

The law is, of course, enacted as a health measure, for the protection of the health of infants, and the very purposes of the statute have been violated by the acts of the defendant in the case at bar. There can be no question but that the bibs which the defendant was manufacturing were articles of wearing apparel. The cases are many holding that similar articles are wearing apparel, and that wearing apparel is not confined to clothing, hats and shoes, but that any article intended and adapted to be worn on the person and necessary and proper for the protection of the person or for the person's personal comfort comes within the definition of wearing apparel. There can be no question but that the bibs manufactured by the defendant were to be worn as a part of the apparel of infants. A thin lace collar to be worn on a woman's neck has been held by the courts to be wearing apparel, although worn merely for ornamentation. (Matter of Evans & Co., 158 Fed. Rep. 153 ; Arnold v. United States, 147 U. S. 494; Matter of Steele, 22 Fed. Cas. 1202.)

The appellant devotes a large part of his brief in an attempt to argue that the bibs manufactured by the defendant were not wearing apparel. · It seems to me that the proposition is too plain to require any extended discussion. The articles themselves, as before stated, are worn by infants and a contract made for their manufacture in tenement houses and in unclean surroundings comes directly within the intent and meaning of the statute.

As to the constitutional question upon which the defendant relies, that question was not raised upon the trial, and the defendant should not be permitted to assert the same upon this appeal for the first time. (People v. Ostrander, 144 App.

Div. 860; Dodge v. Cornelius, 168 N. Y. 242.)    The sole
defense interposed by the defendant upon the trial was that
the bibs in question were not wearing apparel within the
meaning of the statute.    No attempt was made upon the
trial to raise any question as to the constitutionality of the
statute, and, therefore, if a defense, it must be deemed to have
been' waived.

However, it seems to me that section 104 of the Labor Law
was entirely constitutional and a valid exercise of the police
power of the Legislature.    It was enacted purely as a health
measure in order to protect the health of children, a matter
of the utmost importance.    The statute reads that "No
article of food, no dolls or dolls' clothing and no article of
children's or infants' wearing apparel shall be manufactured,
altered, repaired or finished, in whole or in part, for a factory,
either directly or through the instrumentality of one or more
contractors or other third person in a tenement house, in any
portion of an apartment, any part of which is used for living
purposes."

The appellant raises the point that the statute is discrimi-
natory in that it prohibits the manufacture in tenement houses
of the articles of wearing apparel for infants only in cases
where such manufacture is for a factory, and that under the
statute an individual not a factory would have the right to
engage in the manufacture of such articles in the prohibited
places.    I do not think the statute is susceptible of the inter-
pretation which the defendant attempts to put upon it.    By
section 2 of the Labor Law (as amd. by Laws of 1917, chap.
694), a "factory" is defined as including "any mill, work-
shop, or other manufacturing establishment and all buildings,
sheds, structures or other places used for or in connection there-
with, where one or more persons are employed at manufactur-
ing, including making, altering, repairing, finishing, * * *
any article or thing, in whole or in part, except dry dock plants
engaged in making repairs to ships," etc.    Further, that

" work shall be deemed to be done for a factory within the meaning of this chapter [Labor Law] whenever it is done at any place, upon the work of a factory or upon any of the materials entering into the product of the factory, whether under contract or arrangement with any person in charge of or connected with such factory directly or indirectly through the instrumentality of one or more contractors or other third persons." The courts have defined a factory as a structure or plant where something is made or manufactured from raw or partly wrought materials into forms suitable for use. This is the primary definition which was extended by the statute so as to include any " mill, workshop, or other manufacturing establishment * * * where one or more persons are employed at manufacturing." (Shannahan v. Empire Engineering Corp., 204 N. Y. 543; O'Connor v. Webber, 163 App. Div. 175.) It seems to me that the Legislature by using the term " for a factory " intended to mean thereby and to include any person or individual, company or corporation engaged in the manufacture of the goods in question. In the case at bar there can be no question but that the defendant did conduct a factory, and interpreting the statute as including in the words " for a factory " any person or individual engaged in manufacturing, the statute becomes comprehensible and applicable to all cases where the articles mentioned are manufactured.

I think that a statute of this sort should be most liberally construed to carry out the evident purpose of the Legislature, and that it is our duty if possible in the interest of justice and of humanity to affirm the conviction of the defendant.

It is also the claim of the appellant that section 104 of the Labor Law should be read in connection with section 100 (as amd. by Laws of 1913, chap. 260), which provides that no tenement house nor any part thereof shall be used for manufacturing, altering, repairing or finishing any articles except for the sole and exclusive use of the person so using any part of such tenement house or the members of his household,

without a license therefor as provided in article 7 of the statute, but that nothing therein contained shall apply to collars, cuffs, shirts or shirt waists made of cotton or linen fabrics that are subjected to the laundrying process before being offered for sale. Defendant contends that this section should be read in connection with section 104, and where it appears that the articles have been laundered that such laundry relieves defendant from the charge of violating the statute. Section 100 is entirely separate and distinct from section 104, and clearly refers to collars, cuffs, shirts and shirt waists used by adults. Section 104 is complete in itself.

I do not think there is anything in appellant's point that the statute (Labor Law, § 104) deprives the defendant, appellant, of liberty or property without due process of law. (U. S. Const., 14th Amendt., § 1. See, also, State Const., art. 1, § 6.) As before stated, the statute was a legitimate exercise of the legislative power for the purpose of protecting the health of infants. (People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529.) " When the sole object and general tendency of legislation is to promote the public health, there is no invasion of the Constitution, even if the enforcement of the law interferes to some extent with liberty or property." (Matter of Viemeister, 179 N. Y. 235, 238; Health Department v. Rector, etc., 145 id. 32.)

The argument of the appellant that the statute discriminates against citizens of New York in favor of those of foreign States is without force. (Conner v. Elliott, 18 How. [U. S.] 591; Paul v. Virginia, 8 Wall. 168; Slaughter House Cases, 16 id. 36.)

It seems to me that section 104 of the Labor Law is a valid exercise of the police power by the Legislature. The bibs in question were wearing apparel within the meaning of the statute. The defendant should not be permitted to escape or the statute to be circumvented through technicalities in the nature of those raised by the appellant.

The judgment of conviction should be affirmed.

CLARKE, P. J., and DOWLING, J., concur; LAUGHLIN, J., dissents.

PAGE, J. (concurring):

I concur with Mr. Justice Laughlin that the defendant can raise the question of the constitutionality of the statute in this court. A criminal conviction of an offense arising under an unconstitutional statute would be contrary to law, and this court is empowered to reverse such a conviction. I concur, however, with Mr. Justice Merrell that the statute is constitutional, and that a department store or person conducting a business establishment, who has had manufactured any of the articles specified for the purpose of offering them for sale to the public is within the inhibition of the section and, therefore, vote to affirm.

LAUGHLIN, J. (dissenting):

The appellant has been convicted under section 1275 of the Penal Law (as amd. by Laws of 1913, chap. 349) for violating the provisions of section 104 of the Labor Law (as amd. by Laws of 1913, chap. 260). He was the proprietor of the Belmont Embroidery Works, 2292 Arthur avenue, borough of The Bronx, which concededly was a factory within the contemplation of said section 104 of the Labor Law, and as such proprietor he contracted with one Theresa Arena to finish twenty-four dozen babies' bibs, at her apartment in a tenement house, at No. 2540 Cambrelling avenue, in the borough of The Bronx, and they were manufactured by her for the Belmont Embroidery Works pursuant to said contract, in her apartment which was used for living purposes. It is quite clear, I think, that these bibs constituted wearing apparel for children or infants within the provisions of said section 104 of the Labor Law. The facts plainly bring the case within the prohibition of said sections, and I have no doubt but that it was competent for the Legislature, under the police power of the State, and

as a health measure, to prohibit the manufacture of such wearing apparel in a tenement house apartment used for living purposes; but I am of the opinion that the section is unconstitutional and void on the ground that it only prohibits such manufacture of wearing apparel " for a factory," and such manufacture for department stores, and others, not having a factory, is not prohibited.    A " factory " is defined by section ·2 of the Labor Law (as amd. by Laws of 1917, chap. 694) as follows: " Whenever used in this chapter:    *    *    *    the term ' factory.' includes any mill, workshop, or other manufacturing establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at manufacturing, including making, altering, repairing, finishing,    *    *    *    any article or thing in whole or in part, except dry dock plants engaged in making repairs to ships, and except power houses, generating plants, barns, storage houses, sheds and other structures owned or operated by a public˙ service corporation, other than construction or repair shops, subject to the jurisdiction of the Public Service Commission under the Public Service Commissions Law.    *    *    *    Work shall be deemed to be done for a factory within the meaning of this chapter whenever it is done at any place, upon the work of a factory or upon any of the materials entering into the product of the factory, whether under contract or arrangement with any person in charge of or connected with such factory directly or indirectly through the instrumentality of one or more contractors or other third persons."

By the use of " factory " in said section 104 the Legislature necessarily meant a factory as so defined by section 2 of the same enactment.    It is manifest that the danger to the public health which the Legislature attempted to prevent arises from children or infants wearing the garments, and that danger is precisely the same regardless of who has the wearing apparel thus manufactured in the tenement, or is the agency through which the wearing apparel is sold to the public.    The statute,

however, limits the prohibition of such manufacture to manufacturing *for a factory*. It is, therefore, open to all, who have no factory, to procure the manufacture of such wearing apparel in such tenement house apartments and to sell the garments to the public. The statute, therefore, plainly discriminates between dealers in this class of wearing apparel in the same locality. . The manufacture of such wearing apparel for factories only is prohibited while the manufacture in such places of the same class of wearing apparel for all other persons and to be used for the same purposes is not prohibited. If the Legislature had prohibited the manufacture of all such wearing apparel in such places, or of such wearing apparel intended for sale or distribution to the public, then the statute could be sustained for it would operate equally upon all dealers in such garments, but by limiting the prohibition to one class of such dealers, namely, those who have factories and place the orders for their factories or to orders placed by other factories, it has unjustly discriminated between citizens in the state by making an arbitrary classification which does not embrace all who plainly come within the classification attempted to be made, and the statute, therefore, violates the provisions of section 1 of the Fourteenth Amendment of the Federal Constitution, which provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. (Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61; Patsone v. Pennsylvania, 232 id. 138; Matter of Jacobs, 98 N. Y. 98, 2 N. Y. Crim. 539; People ex rel. Farrington v. Mensching, 187 id. 16, 17.) The statute cannot be sustained on the theory that the Legislature deemed that the principal danger to the public health arises from such manufacture for factories because it is perfectly plain that the same danger arises regardless of who places the order or whether or not he has a factory and to sustain the statute would place the owners of factories at a serious disadvantage in competing with others in the manufacture and sale of such wearing apparel.

32

The learned deputy assistant district attorney, while maintaining the constitutionality of the statute, also contends that the defendant has waived his right to declare the statute unconstitutional by not taking the specific objection at the trial, and, as authority therefor, he cites People v. Ostrander (144 App. Div. 860) and Dodge v. Cornelius (168 N. Y. 242). The learned counsel for the appellant, answering this contention, says that the proceedings on the trial were informal and summary, and that the facts were not controverted; but that the prosecution was defended on the ground, as appears by the record, that the defendant could not be convicted under the law. The record shows that statements made by counsel for the defendant at the trial were to the effect that the defendant, if convicted, intended to appeal, and that he claimed that the statute, if applicable to the defendant, works a hardship for the reason that firms in New Jersey and in Europe are competing here in the market with the defendant and others similarly situated, and that the defendant, if required to manufacture wearing apparel in his factory, cannot compete with such competitors. Were it necessary to take the objection on the trial, I think it was sufficiently taken, for the sole ground on which the prosecution was defeated was that the defendant, who conceded the facts, could not be convicted under the statute. (See Massachusetts Nat. Bank v. Shinn, 163 N. Y. 360; People ex rel. Bush v. Houghton, 182 id. 301.) Moreover, the decisions on which the People rely were in civil actions and so far as the opinion in the case in the Court of Appeals tends to hold that the objection should be taken on the trial, it must be borne in mind that the Court of Appeals was considering its limited jurisdiction. (People v. Sherlock, 166 N. Y. 180; Fries v. N. Y. & Harlem R. R. Co., 169 id. 270; People v. Pindar, 210 id. 191, 31 N. Y. Crim. 13; People v. Bresler, 218 id. 567, 35 N. Y. Crim. 104; People v. Shattuck, 194 id. 424.) This court, however, by the express provisions of section 527 of the Code of Criminal Procedure, is authorized to grant a new trial

where the conviction is against the law, or against the weight of the evidence or where the ends of justice require it, regardless of whether or not any exception was taken on the trial. This section applies to the Municipal Term of the Court of Special Sessions of the City of New York. (Inf. Crim. Cts. Act [Laws of 1910, chap. 659], §§ 40, 31, subd. 4; Id., §§ 95b, 95c, 43 et seq., as added by Laws of 1915, chap. 531.) The defendant interposed the only plea, except a plea of guilty, that the law authorized him to interpose on the trial, which was before the Municipal Term of the Court of Special Sessions of the City of New York, held by a single magistrate, namely, "not guilty." (See Code Crim. Proc., §§ 51, 332, 700, 741; Inf. Crim. Cts. Act, § 31, subd. 4; Id., §§ 95b, 95c, 43 et seq., as added by Laws of 1915, chap. 531.) That, I think, was sufficient to enable him, at least in this court, to challenge the constitutionality of the statute, regardless of whether his counsel pointed out on the trial the specific ground on which the statute is unconstitutional. The defendant has been convicted of a misdemeanor for which he might have been both fined and imprisoned, if it were a second offense. If the statute is unconstitutional and void the conviction is void and he has a right to challenge the validity of the conviction on the ground of the unconstitutionality of the statute on this appeal.

For these reasons I vote for reversal and for the annulment of the conviction.

Judgment affirmed.